(Reap. Dec. 10263)

BRUCE DUNCAN CO., INC., A/C U.S. ASIATIC COMPANY *v.* UNITED STATES

Entry No. DE–25299.

(Decided May 15, 1962)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General (*James F. O'Hara,* trial attorney), for the defendant.

DONLON, Judge: On call of this case at the term of court in Los Angeles on February 2, 1962, counsel stipulated, in open court, that the merchandise covered by the entry in this appeal for reappraisement, was entered after February 27, 1958, the effective date of the final list published by the Secretary of the Treasury, T.D. 54521, under section 6(a) of the Customs Simplification Act of 1956, 70 Stat. 943, T.D. 54165. The case was submitted on a further written stipulation of counsel for the parties, filed of record, as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by the appeal for reappraisement enumerated in the attached Schedule of Cases consists of earthenware articles other than beer steins, and that, at the time of its exportation to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoiced unit values.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of the appeal for reappraisement enumerated in the attached Schedule,

to wit, earthenware articles other than beer steins, is not included on the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

Accepting these two stipulations as an agreed statement of facts, I find and hold that export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, *supra*, is the proper basis for determination of the values of the earthenware articles other than beer steins, described on the invoices covered by the entry in this appeal for reappraisement, and that such values of the respective items of merchandise are the invoice unit values, as shown on the invoices which are included in the official papers filed with the court in this suit.

As to all other merchandise, this appeal for reappraisement is dismissed.

Judgment will be entered accordingly.